### DeMeo v. Bullock

*Benson Zion,* for plaintiffs.
*Thomas Dick,* for defendants.

REED, J., June 13, 1972.—Plaintiffs, a father and minor son, filed suit against defendants, husband and wife, as a result of injuries sustained by the minor in an accident involving minor's motor bike and a vehicle operated by husband, but owned by wife. Defendants have filed preliminary objections to plaintiffs' complaint on five counts.

I. The complaint alleges that both plaintiffs expended $5,251.30 at Tri-County Hospital and $1,455 with Doctor Salerno as a result of minor's injuries. Defendant asserts that these expenditures should be pleaded for each plaintiff in separate counts, and more specifically. We agree. Pennsylvania Rule of Civil Procedure 1020(b) states, in pertinent part:

". . . the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth."

Pennsylvania R. C. P. 1019 (f) requires:

"Averments of time, place and items of special damage shall be specifically stated."

Plaintiffs' claims for medical expenses are readily susceptible of being set forth in detail, and should be so presented.

II. Plaintiffs have alleged wife-defendant's negligence to be predicated upon her allowing her defendant-husband to drive with knowledge of a physical and mental disability. Defendant-wife objects that plaintiffs have failed to specify the physical and mental disabilities under which defendant-husband

operated prior to and at the time of the accident, the knowledge of which composed defendant-wife's negligence. Pa. R. C. P. 1019(a) states:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

Plaintiffs do allege defendant-husband suffered from alcoholism, and other "mental disabilities" without further enumeration. This allegation does constitute an allegation of fact, the particulars of which if existent would most likely rest with one or both defendants. The exact nature and extent of the disability need not be pleaded where exclusive or superior knowledge of the particulars rests with defendant: Grove v. York County Gas Co., 25 D. & C. 2d 522, 75 York Leg. Rec. 79 (1961); Price v. Pennsylvania Railroad Co., 17 D. & C. 2d 518, 72 Dauph. R. 336 (1958). Plaintiffs have on this allegation satisfied the rule for defendants to answer and defend.

III. Plaintiffs have demanded in both counts sums in excess of $3,000. Plaintiffs may readily amend their complaint to meet the requirements of Pa. R. C. P. 1044(b) which provides that unliquidated damages be stated by demand in excess of, or not in excess of, $10,000.

IV. Paragraph 18 of plaintiffs' complaint reads as follows:

"18. Plaintiffs aver that Defendants' actions were wanton, reckless and grossly negligent as aforesaid and that they are entitled to punitive as well as compensatory damages.

"WHEREFORE, Plaintiff *parent and natural guardian* demands Judgement against Defendants in a sum in excess of THREE THOUSAND DOLLARS ($3,000.00)." (Italic supplied.)

Defendants contend that a demand for punitive damages can only be made by the one who suffered

physical injury; here, the minor plaintiff. We find no authority so limiting punitive damages, nor do we see reason for so doing.

Punitive damages may in proper cases be claimed and awarded in addition to compensatory damages without, at this juncture, considering their measurement: Hughes v. Babcock, 349 Pa. 475, 37 A. 2d 551, 1944. Both plaintiffs seek compensatory damages; therefore, either or both can claim punitive damages.

Plaintiffs here again should amend their complaint to conform to the requirements of Pa. R. C. P. 1020(b), supra, setting this claim forth in separate counts for each plaintiff.

V. Defendants also contend plaintiffs' allegation that defendant-husband was physically and mentally disabled and violated the Act of April 29, 1959, P. L. 58, sec. 1037,[1] is scandalous and must be stricken. The very crux of plaintiffs' case is the known physical and mental condition of defendant-husband before and at the time of the accident. These pertinent allegations are, therefore, material and necessary to plaintiffs' case, and, hence, though perhaps offensive, are not legally scandalous matter: Universal Film Exchanges Inc. v. Budco, Inc., 44 D. & C. 2d 695 (1968).

## ORDER

And now, June 13, 1972, it is ordered that defendants' preliminary objections to plaintiffs' complaint for failure to allege special damages under separate counts and with specificity, and for failure to conform to Pa. R. C. P. 1044(b), are sustained, and plaintiff is granted leave to file an amended complaint within 20 days from the date hereof.

---

[1] 75 PS §1037, declaring driving under the influence of liquor or drugs a misdemeanor.